O

# United States District Court
# Central District of California

| | |
|---|---|
| PRO WATER SOLUTION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ANGIE'S LIST, INC., et al., <br><br> Defendants. | Case № 2:19-CV-08704-ODW (SSx) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS [20]** |

## I.     INTRODUCTION

Before the Court is Defendants Angie's List, Inc. ("Angie's List"), IAC/Interactivecorp ("IAC"), and Angi Homeservices Inc.'s ("Angi") (collectively, "Defendants") Motion to Dismiss Plaintiff Pro Water Solutions, Inc.'s ("Pro Water") Complaint. (Mot. to Dismiss ("Mot."), ECF No. 20.) For the following reasons, the Court **GRANTS** in part and **DENIES** in part Defendants' Motion.[1]

## II.     FACTUAL BACKGROUND

Pro Water alleges the following facts. Pro Water is a water treatment contractor and is registered with Angie's List as a service provider. (Mot. 8; Compl. ¶ 16, ECF No. 1-1.) Angie's List operates a web-based resource that allows consumers to locate

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

local home repair and improvement service providers. (*See* Compl., ¶¶ 4, 7.) HomeAdvisor, Inc. ("HomeAdvisor") is an affiliate of Angie's List, which offers direct business leads to service providers. (Compl. ¶ 29.) According to Pro Water, HomeAdvisor is "a third-party to the contract between Angie's List and its Service Providers, but one that is also owned and/or controlled by Defendants [Angi] and/or IAC." (Compl. ¶ 29.) Pro Water further alleges that Angie's List and HomeAdvisor are under the common ownership of Angi and/or IAC. (Compl. ¶ 30.)

Angie's List requires all service providers to register before being allowed to advertise on Angie's List's website. (Compl. ¶ 7.) The registration process consists of a fee and an online registration that includes a Service Provider User Agreement (SPUA). (Compl. ¶¶ 5, 17–23.) The terms of the SPUA are at the center of this dispute. The SPUA states:

> The [Service Provider] Company acknowledges that Angie's List will use the telephone numbers, email addresses and facsimile numbers that are submitted to Angie's List in connection with registering with Angie's List to contact the [Service Provider] Company with information regarding Angie's List, **Angie's List agrees not to sell, trade, rent or share such information with any third parties**.

(Compl. ¶ 24; Ex. A; Ex. B.)

Pro Water alleges that Defendants violated the SPUA's terms and engaged in an unlawful practice of selling, trading, renting or sharing Pro Water's information on or about 2017. (Compl. ¶¶ 25, 26.) Ultimately, the unlawful practice led to Pro Water being charged twice for the same lead, once by Angie's List for its subscription and again by HomeAdvisor for the 'tip' or 'lead' which originated from Angie's List. (Compl. ¶¶ 47–48.) According to Pro Water, Angie's List requires website users to complete questionnaires on its website when seeking information about service providers. (Compl. ¶ 29.) Angie's List then generates the information and secretly transfers the information to HomeAdvisor, thus, sharing the very information the SPUA stated that Angie's List would not "sell, trade, rent or share . . . with any third

parties." (Compl. ¶¶ 29, 31.) Thereafter, HomeAdvisor sends service providers the user questionnaire responses it obtained from the Angie's List's. (Compl. ¶¶ 33, 47–48.) Accordingly, Pro Water asserts that members like itself are being double-charged under the guise of HomeAdvisor generating its own leads, when in actuality Angie's List is generating HomeAdvisor's leads. (Compl. ¶¶ 32–35.)

Pro Water also alleges that months before its Angie's List advertising subscription expired, Defendants removed Pro Water's information from the website and still charged Pro Water. (Compl. ¶¶ 54–56.) Consequently, Angie's List breached its obligation to run advertisement, which Pro Water had already paid. (Compl. ¶¶ 54–56.)

Based on these allegations, Pro Water brought this action on the behalf of itself and a putative class, asserting four causes of action against Defendants: (1) breach of contract; (2) fraudulent misrepresentation; (3) intentional interference with prospective economic relations; and (4) violations of California Unfair Competition Law, Cal. Bus. & Prof. Code §17200, et. seq. (*See generally* Compl.) Defendants now seek dismissal of the action pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) failure to state a claim and Rule 9(b) heightened pleading standard. (Mot. 7.)

### III.     LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City and Cty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## IV.  DISCUSSION

Defendants assert that Pro Water does not allege any facts that demonstrate Angie's List shared Pro Water's information with HomeAdvisor. (Mot. 11.) Defendants also contend that Pro Water fatally focuses on Angie's List sharing of consumers information with HomeAdvisor, a practice Defendants assert is not prohibited by the SPUA. (Mot. 11.) Thus, Defendants move to dismiss Pro Water's Complaint. The Court now addresses each cause of action in turn.

### A.  Breach of Contract Claim

A cause of action for breach of contract requires the following elements: (1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach.

*Armstrong Petroleum Corp. v. Tri–Valley Oil & Gas Co.*, 116 Cal. App. 4th 1375, 1391, fn. 6 (2004) (citing *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1388 (1990)).

Here, Pro Water alleges that Defendants violated the SPUA's terms by selling, trading, renting or sharing service providers' information with HomeAdvisor, and also sending business leads directly to HomeAdvisor, instead of Pro Water. (Compl. ¶ 93.) Specifically, Pro Water alleges that Angie's List shared Pro Water's contact information with HomeAdvisor, namely "the telephone numbers, email addresses and facsimile numbers" submitted to Angie's List during the service providers' registration process. (Compl. ¶ 31.)

Defendants concede that the SPUA restricts the sharing of specified service provider information. (Mot. 11.) However, Defendants assert that Pro Water has failed to allege any facts to show that Angie's List shared Pro Water's contact information with HomeAdvisor or any other third party, and thereby breaching their agreement. (Mot. 11.) Defendants assert that even if HomeAdvisor qualified as a third party, the sharing of Pro Water's information with HomeAdvisor does not constitute a breach of the SPUA. (Mot. 12.) According to Defendants, the SPUA did not prohibit this sharing between Angie's List and HomeAdvisor because the SPUA intended to protect service providers from unwanted solicitation. (Mot. 12.) Thus, Pro Water's existing relationship with HomeAdvisor precludes this from being classified as an unwanted solicitation. (Mot. 12.) Yet, Defendants do not cite any case law to support this argument and failed to identify any terms in the SPUA that exempt business relationships from the SPUA's protection. Accordingly, the Court rejects Defendants latter arguments.

Thus, the sole issue is whether Pro Water has sufficiently alleged breach of contract. The SPUA expressly states that Angie's List will not share this information with third parties, but Pro Water alleges that Angie's list shared its information with HomeAdvisor. (Compl. ¶¶ 24, 31, 90, 93.) Accordingly, the Court finds that Pro

Water has sufficiently alleged that Defendant Angie's List breached the SPUA by sharing its information with HomeAdvisor. *In re Zynga Privacy Litig.*, No. C 10-04680 JW, 2011 WL 13240366, at *5 (N.D. Cal. Nov. 22, 2011) (finding that plaintiff sufficiently alleged breach of contract when defendant agreed to not transmit or rent plaintiff's information but nevertheless shared information with a third-party). Thus, Defendants' Motion to Dismiss Pro Water's First Cause of Action against Angie's List is **DENIED**.

However, with regards to Defendants Angi and IAC, Defendants correctly assert that Pro Water fails to allege them as parties to the SPUA. (Mot. 13.) In opposition, Pro Water argues that it need not allege them as parties to the contract. Instead, it need only allege that Angi and IAC are jointly and severally liable because they exert operational control over Angie's List. (Compl. ¶¶ 67-72.) Yet, Pro Water cites no case law to support this argument. (*See* Opp'n.) As Pro Water has neither pled any facts or identified any provisions that makes Angi or IAC parties to the SPUA nor cites any case law excusing it from alleging such, this cause of action against Angi and IAC is **DISMISSED**.

### B.    Fraudulent Misrepresentation Claim

The elements for a fraudulent misrepresentation cause of action are: (1) misrepresentation through a false representation, concealment or non-disclosure; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damage. *Green Hills Software, Inc. v. Safeguard Scis. & SPC Private Equity Partners*, 33 F. App'x 893, 895 (9th Cir. 2002). FRCP 9(b) applies where a plaintiff alleges fraud. *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011). Under Rule 9(b), a party alleging fraud or mistake must state "with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991) (citing Fed. R. Civ. P. 9(b)).

Defendants assert that Pro Water failed to satisfy Rule 9(b)'s stringent requirements. (Mot. 14.) Specifically, Defendants argue that Pro Water failed to plead any of the particularities required under Rule 9(b)—such as facts plausibly demonstrating that Defendants "knew that the representation was false when the Defendants made these representations" or that "the Defendants made the representations recklessly and without regard for their truth or by actively concealing the truth." (Mot. 15.) Defendants also assert that Pro Water did not allege when it saw the statement or how it relied on that statement to its detriment. (Mot. 15.) Lastly, Defendants contend that Pro Water's lumping of allegations against all Defendants warrants dismissal under Rule 9(b) for a failure to differentiate allegations amongst the Defendants. (Mot. 15.)

Pro Water does pointedly identify Angie's List as making the representation that they would not sell, trade, rent or share information with third parties. (Compl. ¶ 23.) Still, Pro Water asserts joint and several liability against all Defendants for fraudulent misrepresentation, but Pro Water does not differentiate amongst the Defendants in its fraudulent misrepresentation cause of action. (Compl. ¶ 72.) Rather, Pro Water grouped Defendants together, alleging that "[t]he Defendant knew that the representation was false when the Defendants made these representations, or the Defendants made the representations recklessly and without regard for their truth or by actively concealing the truth." (Compl. ¶ 98.) As already set forth, Rule 9(b) applies, and its heightened pleading standard requires plaintiffs to "differentiate their allegations when suing more than one defendant." *See Destfino*, 630 F.3d at 958. Accordingly, Pro Water fails to plead with particularity necessary to satisfy Rule 9(b)'s heightened pleading requirements. Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss Pro Water's Second Cause of Action.

**C.     Intentional Interference with Prospective Economic Relations Claim**

In California, the elements of a cause of action for intentional interference with prospective economic relations ("IIPER") under California law are: "(1) an economic

relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional [wrongful] acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant." *Sybersound Records, Inc. v. UAV Corp.,* 517 F.3d 1137, 1151 (9th Cir. 2008) (citing *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153 (2003)). To prevail, the plaintiff bears the burden of pleading and proving that the defendant's conduct was independently wrongful. *Crown Imports, LLC v. Superior Court*, 223 Cal. App. 4th 1395, 1404 (2014). An act is independently wrongful if it is unlawful, as "proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard." *Id.*

Here, Defendants argue that Pro Water fails to satisfy the first and third elements of an IIPER claim. (Mot. 16–17.) For instance, Defendants argue that Pro Water failed to identify an economic relationship between Pro Water and any customer. (Mot. 16.) Accordingly, Defendants assert that Pro Water's "theoretical relationship" falls short of supporting a claim for IIPER. (Mot. 16–17.) In opposition, Pro Water argues that it need only allege that the prospective customers are identifiable through Defendants' business records. (Opp'n 12.) Nevertheless, pleadings that do not allege facts to either show or allow the inference of actual disruption to its relationship with customers, such as a lost contract or failed negotiation, warrants dismissal of a cause of action for IIPER. *Sybersound*, 517 F.3d at 1151. Thus, Pro Water concedes that it does not know the identities of the prospective customers who were allegedly impacted. (Opp'n 12.) Therefore, Pro Water IIPER claim fails, accordingly, the Court does not make a determination whether Pro Water has satisfied the third element. For these reasons, the Court **GRANTS** Defendants' Motion to Dismiss Pro Water's Third Cause of Action.

**D.     CA Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Claim**

Defendants argue that Pro Water has failed to plead sufficient facts to support a violation of the fraudulent, unlawful, and unfairness prongs of the UCL, and thus, Pro Water UCL claim fails. (Mot. 17.) Pro Water opposes and asserts that it has plead sufficiently. (Opp'n 13.) The Court now considers Parties' argument.

The UCL prohibits "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. "[A] breach of contract may form the predicate for a section 17200 claim, provided it also constitutes conduct that is unlawful, or unfair, or fraudulent." *Sybersound*, 517 F.3d at 1152 (quoting *Nat'l Rural Telecomm. Co–op. v. DIRECTV, Inc.*, 319 F.Supp.2d 1059, 1074 (C.D. Cal. 2003)).

   **1.  Fraudulent**

"[F]raudulent acts are ones where members of the public are likely to be deceived." *Sybersound*, 517 F.3d at 1152. When a plaintiff alleges a unified course of fraudulent conduct and relies entirely on that course of conduct as the basis of the claim, that claim is said to "sound in fraud" or be "grounded in fraud," and Rule 9(b)'s heightened pleading standards apply. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).

Here, the Court finds that Pro Water fails to satisfy the fraudulent prong of a UCL cause of action because Pro Water proffers the same argument as it did for its fraudulent misrepresentation cause of action. (Compl. ¶ 112.) As the Court has already addressed and dismissed Pro Water's fraudulent misrepresentation argument, failing to satisfy Rule 9(b)'s heightened pleading standard, accordingly, Pro Water's argument fails here for the same reasons. Thus, Pro Water has failed to adequately plead a UCL claim premised upon the fraudulent prong.

   **2.  Unlawful**

Unlawful acts are business practices which are simultaneously forbidden by law "be it civil, criminal, federal, state, or municipal, statutory, regulatory, or court-made,

1 where court-made law is, for example a violation of a prior court order." *Sybersound*, 517 F.3d at 1151–52 (quoting *Nat'l Rural Telecomm. Co–op. v. DIRECTV, Inc.*, 319 F.Supp.2d 1059, 1074 & n.22 (C.D. Cal. 2003)) (internal quotations omitted).

Pro Water argues that it has adequately alleged a UCL claim under the "unlawful" prong by way of its IIPER claim. (Opp'n 13.) Again, the Court has already addressed and dismissed Pro Water's IIPER claim for failing to satisfy the first element. Pro Water asserts, even if its IIPER claim fails, it has plead "a plethora of other 'Unlawful' acts [] in [its] [] Complaint that may form the basis of the 'Unlawful' prong." (Opp'n 13.) However, Pro Water neither asserts such legal claims nor attempts to plead the elements of such claims, therefore, Pro Water may not assert newly unpled theories in its opposition. *Gerritsen v. Warner Bros. Entm't Inc.*, 116 F. Supp. 3d 1104, 1126 (C.D. Cal. 2015) (stating that "it is improper for a plaintiff to assert an unpled theory of liability in opposition to a defendant's Rule 12(b)(6) motion to dismiss"). Thus, Pro Water's has failed to satisfy the unlawful prong to serve as a basis for its UCL claim. *Sybersound*, 517 F.3d at 1151–52.

### 3. Unfair

Pro Water alleges that Defendants' conduct was unfair because it required Pro Water to double pay for the same leads, in violation of an advertising agreement, and thus committed systematic breach of contracts. (Compl. ¶ 113.) In reply, Defendants assert that Pro Water has not sufficiently plead facts to establish that it committed a systematic breach, thus Pro Water has failed to demonstrate unfairness. (Reply 13.)

"Unfair simply means any practice whose harm to the victim outweighs its benefits." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1044 (9th Cir. 2010) (quoting *Saunders v. Superior Court,* 27 Cal. App. 4th 832, 839 (1994)) (internal quotations omitted). Additionally, "appellate courts have recognized that a systematic breach of certain types of contracts (e.g., breaches of standard consumer or producer contracts involved in a class action) can constitute an unfair business practice under the UCL." *Arce v. Kaiser Found. Health Plan, Inc.*, 181 Cal. App. 4th

471, 489–90 (2010) (internal quotations omitted).

Here, it is unclear what contract was systematically breached; Pro Water neither alleged terms of the original advertising agreement that was purportedly violated nor provided a copy of the agreement for the Court to consider. (*See generally* Compl.) Additionally, Pro Water provides no explanation as to how Defendants conduct constitutes a systematic breach, nor does Pro Water point to any case law to support its argument. Accordingly, Pro Water has failed to plausibly plead a UCL cause of action based on the unfairness prong, therefore, the Court **GRANTS** Defendants' Motion to Dismiss Pro Water's Fourth Cause of Action.

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendants' Motion to Dismiss Pro Water's First Cause of Action against Angie's List, but **GRANTS** Defendants' Motion to Dismiss all claim against Angi and IAC, and the Second, Third, and Fourth Causes of Action against Angie's List. (ECF No. 20.) Pro Water is granted leave to amend its Complaint to address the deficiencies discussed.

**IT IS SO ORDERED.**

May 4, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**